**STIEFEL FEED COMPANY, Inc.,**
Appellant,

v.

**AEROVENT FAN COMPANY,**
Appellee.

No. 12890.

United States Court of Appeals
Sixth Circuit.

Dec. 12, 1956.

Thomas D. Logan and Sol Rothberg, Ft. Wayne, Ind., Rothberg, Gallmeyer,

Doermer & Strutz, Ft. Wayne, Ind., J. Ed. Wasserman, Wasserman & Talbot, Dayton, Ohio, on brief, for appellant.

Robert S. Miller, Troy, Ohio, Hugh H. Altick, Altick & McDaniel, Dayton, Ohio, on brief, for appellee.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This case arises out of an action for damages for breach of warranty alleged to have been made in connection with the sale to plaintiff of a dehydrating machine.[1] The District Court entered judgment in favor of defendant and dismissed a counterclaim filed by defendant for the sale price of the machine. As no appeal was taken from the judgment on the counterclaim, no question on that phase of the case is properly considered here.

The case presents primarily questions of fact. The District Court found as a fact that defendant's chief engineer Culp, alleged to have made the express warranties in question, was without authority to warrant that the dehydrating machine purchased by plaintiff would achieve the result desired. Plaintiff also contended that an implied warranty arose under Ohio Revised Code, Section 1315.16, Subdivision (A), because it relied upon the skill and judgment of defendant as to whether the machine would achieve the result desired. Under this section of the Uniform Sales Act reliance upon the seller's skill and judgment is essential to the existence of implied warranty. Maryland Casualty Company v. Independent Metal Products Company, 8 Cir., 203 F.2d 838, 844, and cases cited. To the same effect are Seitz v. Brewers' Refrigerating Machine Company, 141 U.S. 510, 518, 12 S.Ct. 46, 35 L.Ed. 837; Davis Calyx Drill Company v. Mallory, 8 Cir., 137 F. 332, 334. The District Court found that "It can not be said that the plaintiff relied on the skill and judgment of Mr. Culp when admittedly, no one knew how to achieve the end result." Plaintiff admitted that it did not know how to achieve its purpose, namely, the reduction of the moisture content in a mixture containing 60% black strap molasses and 40% corn oil meal, designed to be sold as feed for livestock. It is uncontradicted that Culp, who had been introduced to plaintiff, not by defendant, his employer, but by a third party, stated to plaintiff's officers that he knew nothing about drying molasses. While defendant's dehydrating machine was bought by plaintiff in the hope that it would dry its proposed food product to the requisite degree, and would render it soft and fluffy, there is evidence supporting the finding of the District Court that the process was highly experimental and the results were not guaranteed. Much of the voluminous evidence is conflicting. After careful consideration of plaintiff's many contentions we cannot say that plaintiff showed the making of the warranties alleged, the existence of authority in Culp to make warranties binding defendant, nor that the other findings of the District Court are clearly erroneous.

It follows that the judgment of the District Court must be and it hereby is affirmed.

---

1. The parties will be denominated as in the court below.